WILLIAM T. SHANKLE (WIDOWER), AND WILLIAM K. SHANKLE, ADMINISTRATOR OF THE ESTATE OF ELI C. SHANKLE, DECEASED, PETITIONERS v. MISSIE G. SHANKLE (WIDOW), BRAXTON SHANKLE (DIVORCED), ALBERT SHANKLE AND WIFE, MRS. ALBERT SHANKLE, E. HERBERT SHANKLE, JR., AND WIFE, MRS. E. HERBERT SHANKLE, JR., NANNIE SHANKLE WILLIAMS AND HUSBAND, JOHN DOCK WILLIAMS, BOBBY SHANKLE (SINGLE), AND NEWNAN HOWARD SHANKLE AND WIFE, MRS. NEWNAN HOWARD SHANKLE, RESPONDENTS

No. 7420SC573

(Filed 20 November 1974)

**Jury § 1— remand for jury trial**

Special proceeding is remanded for trial by jury where all parties requested a jury trial almost two years prior to the time the case was called for trial and the requests were set out in the clerk's written order transferring the case to the civil issue docket for trial.

APPEAL by respondents from *Seay, Judge,* 25 February 1974 Session of Superior Court held in RICHMOND County.

Petitioners, claiming an interest in land as tenants in common with respondents, started this special proceeding to sell the land for division.

Petitioner, William T. Shankle, is one of the two children of Eli C. Shankle, and alleges that Eli was seized of the land at the time of his death in 1952. Respondents are the heirs of E. H. Shankle, the other child of Eli, who died intestate in 1969.

Respondents filed answer to the petition and alleged that petitioners own no interest in the land. Respondents claim exclusive ownership as heirs of E. H. Shankle to whom, respondents allege, Eli conveyed the land in 1943.

After respondents interposed the foregoing defense, the Clerk, on 30 March 1972, entered an order transferring the cause to civil issue docket for trial. Among other things, the Clerk's

order recited that ". . . all of the parties hereto have requested a jury trial on the issues arising in this proceeding."

When the case was called for trial in the Superior Court, respondents filed a written notice for continuance wherein they advised the court that they had employed counsel to represent them at trial but that counsel had withdrawn without prior notice to them. The court denied the motion for continuance. The court also denied respondents' motion for trial by jury. Trial proceeded before the court without a jury and without counsel for respondents. The court found the facts against respondents and concluded that petitioners owned one-half interest in the land. A sale for partition was ordered.

*Benjamin D. Haines for petitioner appellees.*

*Jones & Deane by W. R. Jones and Charles B. Deane, Jr., for respondent appellants.*

PARKER, Judge.

The principle of the right to trial by jury is basic to our system of jurisprudence and need not be reviewed here. "[T]rial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." N. C. Const., art. 1, § 25. Prior to the adoption of the Rules of Civil Procedure a party could waive that right by written consent, oral consent entered in the minutes, or by failing to appear. Rule 38 added a fourth method of waiver, failing to serve a demand on the other parties within ten days after service of the last pleading directed to the issue. The last method ". . . has as its object the early ascertainment of those cases in which there will be no jury. This knowledge is useful in calendaring a case and in counsel's preparation for trial." Comment, G.S. 1A-1, Rule 38, at p. 665.

Here the record discloses that *both* parties requested a trial by jury and their requests were set out in the order of the Clerk of Superior Court. Moreover, notwithstanding the failure of a party to demand a jury trial, the court in its discretion upon motion or of its own initiative may order a jury trial on any issue. G.S. 1A-1, Rule 39(b).

In view of the particular background of this case, which started as a special proceeding before the Clerk, where all parties requested a jury trial almost two years prior to the time

the case was called for trial, and where these requests were set out in the Clerk's written order transferring the case to the civil issue docket for trial, we are of the opinion that the ends of justice will best be served by directing that the judgment be vacated and the case remanded for trial by jury.

The judgment from which respondents appeal is vacated and the case is remanded for trial by jury.

Vacated and remanded.

Judges CAMPBELL and VAUGHN concur.